IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTISAR A.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21 C 1870 |
| v. | ) |
| | ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Intisar A.'s application for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's motion for summary judgment [dkt. 23, Pl.'s Mot.] is granted, and the Commissioner's cross-motion for summary judgment [dkt. 24, Def.'s Mot.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been substituted for her predecessor.

**BACKGROUND**

**I.      Procedural History**

On April 5, 2016, Plaintiff filed a claim for SSI, alleging disability since April 1, 2016, due to a ruptured disc in her neck, posttraumatic stress disorder (PTSD), depression, and carpal tunnel. [Dkt. 17-1, R. 33-35, 152.]  Plaintiff's claim was denied initially and again upon reconsideration. [R. 152-62.]  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 16, 2018. [R. 119-146.] The ALJ rendered a decision on May 24, 2018, which was reversed by the Appeals Council [R. 179-97, 198-202], and another hearing before a different ALJ was held on June 2, 2020.  [R. 33, 56-118.]  Plaintiff appeared by telephone and testified at the hearing and was represented by a non-attorney representative.  [R. 33, 56-118.] Vocational expert ("VE") Michelle M. Peters-Pagella also testified.  [R. 110-117.]  On July 1, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act.  [R. 30-55.]  The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner.  [R. 21-26.]

**II.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process.  [R. 33-48.]  The ALJ found at step one that, while Plaintiff had obtained some employment in December 2019, Plaintiff had not earned enough to rise to the level of "substantial gainful activity," and thus Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 1, 2016.  [R. 35.]  At step two, the ALJ concluded that Plaintiff had the following severe impairments: depression, anxiety, degenerative disc disease, carpal tunnel syndrome, obesity, rheumatoid arthritis, and fibromyalgia. [R. 35.]   The ALJ

concluded at step three that her impairments, alone or in combination, do not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [R. 36-39.] Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: never climbing ladders, ropes, or scaffolds; occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; frequent handling and fingering bilaterally; never being exposed to hazardous machinery or unprotected heights; limited to simple and routine tasks, no fast-paced production requirements, only occasional changes in the work setting; limited to simple work-related decision, no travel, and occasional interaction with supervisors, coworkers, and the general public. [R. 39-40.] At step four, the ALJ concluded that Plaintiff did not have any past relevant work. [R. 46.] At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and the RFC, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act. [R. 47.]

## **DISCUSSION**

### I.     Judicial Review

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of

impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant

4

meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind [his] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder*, 529 F.3d at 413.

**II.     Analysis**

Plaintiff argues that the ALJ failed to properly evaluate the opinions of Plaintiff's treating and examining physicians, and therefore the ALJ's RFC determination was not supported by substantial evidence. [Dkt. 23, Pl.'s Mem. at 4-10; dkt. 26, Pl.'s Reply at 1-3.] After reviewing the record and the briefs submitted by the parties, this Court finds that the ALJ did not adequately explain his reasoning for rejecting the treating source opinions of Dr. Sunil John and Dr. Lisa Montelpasse. Because these failures alone require remand, *see Cieszynski v. Kijakazi*, No. 22-2024, 2023 WL 2523499, at *3 (7th Cir. Mar. 15, 2023), the Court does not reach Plaintiff's other arguments.

Plaintiff's application for benefits was filed prior to March 27, 2017, so the "treating source rule" set forth in 20 C.F.R. § 404.1520c applies. *Cieszynski,* No. 22-2024, 2023 WL 2523499, at *3. Under this rule, a treating physician's opinion about the "nature and severity of a medical condition is entitled to *controlling weight* if it is well supported by medical findings and not

5

inconsistent with other substantial evidence in the record." *Brown v. Colvin*, 845 F.3d 247, 252–53 (7th Cir. 2016) (*citing Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000)) (emphasis added). The ALJ may deny controlling weight to a treating source's opinion if it is internally inconsistent or inconsistent with other medical evidence. *Clifford,* 227 F.3d at 870-71. When a treating source's opinion is not given controlling weight, the ALJ must consider the following factors: (1) the examining relationship, (2) the treatment relationship, specifically its length, nature, and extent, of the treatment relationship, (3) the supportability of the opinion, (4) its consistency with the record as a whole, and (5) the specialty of the treating source. *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Whatever weight the ALJ affords to a treating source, he must give "good reasons" explaining his decision and must not substitute his own judgment for the physician's opinion without relying on other medical evidence or authority in the record. *See Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *Cieszynski,* No. 22-2024, 2023 WL 2523499, at *3; *see also* 20 C.F.R. § 404.1527(c)(2).

Plaintiff argues that the ALJ erred with regards to four medical opinions by treating or examining medical sources, none of which were given controlling weight by the ALJ. [Dkt. 23 at 6-8.] The Court agrees that, at least with respect to the treating physician opinions of Dr. Sunil John and Dr. Lisa Montelpasse, the ALJ did not provide "good reasons" for giving little weight to their opinions.

Both of these physicians indicated that Plaintiff had carpal tunnel syndrome and rheumatoid arthritis, among other conditions, and that she experienced pain in her hands and wrists that would require additional breaks or time off-task during the typical workday. In assigning "little weight" to these opinions, the ALJ did not discuss any of the factors listed above—the ALJ did not discuss the length or type of treatment relationship between the doctors and the Plaintiff, nor

6

did the ALJ discuss how these physicians' opinions were or were not consistent with the record evidence regarding Plaintiff's diagnoses of carpal tunnel syndrome, rheumatoid arthritis, or symptoms of hand pain and stiffness. The failure of the ALJ to assess the regulatory factors requires remand. *Terry H. v. Saul*, No. 19 CV 3652, 2020 WL 4015328, at \*6 (N.D. Ill. July 16, 2020) (*citing Gerstner v. Berryhill,* 879 F.3d 257, 263 (7th Cir. 2018); *see also Scrogham v. Colvin,* 765 F.3d 685, 697-698 (7th Cir. 2014) ("The ALJ here should have addressed these factors in her opinion to enable us to review whether she engaged in the correct methodology").

In rejecting Dr. Sunil John's opinion that Plaintiff would be unable to perform routine repetitive tasks at a consistent pace and would require time off task or away from the workstation at least 15% of the time, the ALJ stated simply that "the record does not support the claimant's physical impairments result in this limitation." [R. 45-46.] The ALJ did not discuss any of the record evidence regarding Plaintiff's diagnoses of carpal tunnel syndrome or rheumatoid arthritis to support this statement. [Id.] Instead, the ALJ acknowledged abnormal clinical findings in Plaintiff's *neck,* but then discounted that these could be the cause of Plaintiff's limitation stating that musculoskeletal examinations in February, March, June, and August 2019 all showed normal range of motion. [R. 46.] But this discussion is something of a straw man, as Dr. John's opinion said nothing about neck pain being the reason Plaintiff would be off task. [R. 2088-2102.] Rather, in the question immediately preceding the one asking whether Plaintiff's symptoms would interfere with her ability to concentrate on and persist with work, Dr. John was asked to indicate the location of Plaintiff's pain or paresthesia on a drawing of a body—Dr. John had drawn circles around the *wrists*. [R. 2090.] The ALJ's discussion of Plaintiff's neck impairments fails to create a logical bridge between the record evidence and the ALJ's rejection of Dr. John's opinion related to her wrist impairments. *See Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020) (explaining that

7

medical opinions "may be rejected only with an accurate and logical bridge between the evidence and the ALJ's decision") (citations omitted).

Additionally, the ALJ made the same error with regards to the opinion of Dr. Lisa Montelpasse, a family medicine practitioner who had treated Plaintiff since June 2016 and rendered her medical opinions in February 2017. [R. 46, 732-39.] Dr. Montelpasse's statement listed her clinical findings as "pain + stiffness in her hands possibly related to rheumatoid arthritis or residual symptoms from carpal tunnel syndrome" and opined that her symptoms were severe enough to interfere with attention and concentration up to 50% of the day. [R. 732.] While Dr. Montelpasse opined that Plaintiff could participate in sedentary work, she opined that she would need two 15-minute breaks, in addition to the standard two breaks and lunch period. [R. 733-34.] Dr. Montelpasse also opined that her patient did *not* have good use of her hands or fingers for either bilateral manual dexterity or repetitive hand-finger actions. [R. 735.]

Again, the ALJ concluded that Dr. Montelpasse's opinion was "not supported by the record." [R. 46.] Instead of discussing any record evidence regarding the diagnoses of carpal tunnel and rheumatoid arthritis affecting Plaintiff's hands, however, the ALJ again cited to the clinical findings regarding Plaintiff's neck and the consultative examination findings that she had normal range of motion, did not require an assistive device when walking, ambulated with a normal gait, did not have difficulty getting on and off an examination table, walked on her toes and heels, performed squatting and rising normally, and could hop on one leg. [R. 46.] None of this, however, has anything to do with whether or not Plaintiff could use her hands effectively throughout an 8-hour workday or would need additional breaks due to pain and stiffness. The ALJ failed to explain how this evidence was "necessarily inconsistent" with Dr. Montelpasse's opinion that Plaintiff's hand pain and stiffness would require additional breaks and limit her ability to use her hands. *See*

*Stocks v. Saul*, 844 F. App'x 888, 893 (7th Cir. 2021) (*citing Gudgel v. Barnhard*, 345 F.3d 467, 470 (7th Cir. 2003) for the proposition that "[w]hen an ALJ discounts a treating [doctor's] opinion, he must explain how it was "necessarily inconsistent" with other medical evidence.").

While the Court is permitted to look elsewhere in the ALJ's decision for an explanation of why the ALJ rejected these treating source opinions, *see Zellweger v. Saul,* 984 F.3d 1251 (7th Cir. 2021), there is no clear answer to be found in other parts of this ALJ's decision. While the Commissioner argues that the ALJ's RFC assessment is supported by his analysis of the other medical opinions [dkt. 25 at 9-11], only one of those bears on the issue of Plaintiff's hand and wrist ailments—that of Dr. Steven Goldstein, the testifying medical expert. The ALJ gave great weight to the opinions of Dr. Goldstein, who had not treated or examined Plaintiff but had reviewed her medical record. [R. 36, 43.] Among Dr. Goldstein's opinions referenced in the ALJ's decision was his conclusion that Plaintiff had "good use of her hands." [R. 43.] The ALJ never explained why this opinion was deserving of greater weight than that of Plaintiff's treating physicians on this subject, other than mentioning that the expert had reviewed the record in its entirety. [R. 36.] In support of Dr. Goldstein's opinion, the ALJ cited to just one exhibit, B21F, containing medical records over a several years' long period, several of which note Plaintiff's symptoms such as pins and needles sensation, hand pain, finger pain, and muscle stiffness. [R. 2106-59.] The ALJ does not grapple with or explain why these notes support Dr. Goldstein's conclusion that Plaintiff still had "good use of her hands," as opposed to the treating doctor's conclusions to the contrary. Most notably, while Dr. Goldstein initially testified that Plaintiff had "good use of her hands," he went on to testify that, upon review of exhibit B21F, "there's not a good examination where it allows me to know what the use of her hands were. She seemed aware that she was having pain in her elbow and so forth." [R. 83.] The ALJ did not discuss or explain this testimony at all.

9

Thus, the ALJ's apparent decision to credit Dr. Goldstein's non-examining opinion over that of two treating physicians is not explained with good reasons. "An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel*, 345 F.3d at 470. The Court finds that the ALJ did not provide an adequate explanation, as required by the Agency's regulations, for his decision not to give controlling weight to the treating source opinions of Dr. John and Dr. Montelpasse in determining Plaintiff's RFC. Because this conclusion alone requires remand, the Court does not reach Plaintiff's other arguments regarding the opinions of examining doctors Dr. Jain and Dr. Williams.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 23] is granted, and the Commissioner's motion for summary judgment [dkt. 24] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 6/12/23

_____
BETH W. JANTZ
United States Magistrate Judge